CLARENCE K. CHAMBERLAIN ET AL., APPELLEES, V. LAFAYETTE F. GRIMES, APPELLANT.

FILED NOVEMBER 9, 1894.    No. 4988.

1. **Vendor and Vendee:** QUIETING TITLE: TRIAL: CHAMPERTY: TAX LIENS. One Wright brought suit against one Grimes to cancel and be allowed to redeem from the lien of a void tax deed

held by Grimes against the land of Wright, and to have the title to said lands quieted in him. Wright employed one Chamberlain, an attorney at law, to institute and prosecute said action, and as compensation for his services in the premises duly executed to him a conveyance for an undivided one-half of the real estate in controversy. While the action was pending Grimes, with actual knowledge that Wright had already conveyed one-half the real estate to Chamberlain and that such conveyance was unrecorded, for a consideration paid to Wright, obtained from him a dismissal of said suit and a quitclaim deed to him, Grimes, for all the real estate involved therein. *Held*, (1) That the decree of the district court canceling the lien of the void tax deed, and canceling the deed obtained from Wright by Grimes as against an undivided one-half of said real estate, and permitting Chamberlain to redeem one-half of said real estate from the lien of said tax deed, and quieting the title to one-half of said premises in Chamberlain, was correct; (2) that if the contract between Wright and Chamberlain was champertous, it was not a defense of which Grimes could avail himself in this action.

2. **Trial: Review.** If a defendant in a trial court omit to make a meritorious defense which he might have made, he will be bound by the record made there, and cannot interpose such defense for the first time in this court. *Courtnay v. Price,* 12 Neb., 188, reaffirmed.

APPEAL from the district court of Johnson county. Heard below before BROADY, J.

*S. P. Davidson* and *J. Hall Hitchcock,* for appellant.

*C. K. Chamberlain* and *T. Appelget, contra.*

RAGAN, C.

December 8, 1888, William R. Wright and Sytha Phillips brought this suit in the district court of Johnson county against Lafayette F. Grimes and others. Wright and Phillips, in their petition, claimed to be the owners of the following described real estate, situate in said Johnson county, to-wit: The west half of the southeast quarter of the southwest quarter of section 25, and the southeast quarter of the southeast quarter of section 26, all in township 6 north

and range 9 east of the 6th P. M. . They alleged that Grimes was in possession of said lands by virtue of a tax deed bearing date November 24, 1874; that such tax deed was void, and they prayed for an accounting of the rents, profits, taxes and interest, and improvements, and offered to pay any balance that the court might find to be due Grimes, and prayed that the tax deed might be held void and set aside and that the title to the lands be quieted in them. Summons in this action was duly served on the defendant Grimes in Johnson county on the 19th day of December, 1888. Grimes then went to Missouri, where Wright and Phillips resided, and on the 26th day of December, 1888, procured from them a quitclaim deed for the land and a dismissal of the suit. This dismissal was subsequently filed and the suit dismissed, but afterwards, on motion of Clarence K. Chamberlain, who, as counsel and attorney for Wright and Phillips, brought the suit, it was reinstated on the docket and Chamberlain filed a petition therein as against Grimes, alleging, in substance, that on or before December 5, 1888, the said Wright and Phillips were the owners of said real estate; that said Lafayette Grimes held possession thereof by virtue of a tax deed bearing date November 24, 1874; that said deed was void for numerous reasons alleged in the petition; that on the 5th day of December, 1888, the said Wright and Phillips, by their deed of that date duly executed and delivered, conveyed to him, the said Chamberlain, an undivided one-half interest in and to all of said real estate; that the consideration for said deed was services rendered and to be rendered by him to them as counsel and attorney in and about the bringing this suit for quieting and confirming in them, Wright and Phillips, the title to said lands; that said deed of conveyance to him, the said Chamberlain, for an undivided one-half interest in and to said lands was not recorded at the time it was executed, nor for some months afterward; that on the 26th day of December, 1888, the

said Grimes, with full knowledge of the fact that said Wright and Phillips had conveyed to him, Chamberlain, an undivided one-half interest in and to said lands by their deed of December 5, 1888, and with full knowledge of the fact that he, Chamberlain, was in possession of said deed, but that the same had not been recorded in Johnson county, fraudulently procured the said Wright and Phillips to execute to him, the said Grimes, a quitclaim deed for all of said real estate, which deed the said Grimes caused to be recorded in the office of the recorder of deeds of Johnson county, Nebraska, on December 28, 1888. Chamberlain also alleged in his petition as another cause of action, although not so separately stated and numbered, that from the year 1887 he had been in the employ of Wright and Phillips as their counsel for the purpose of perfecting, quieting, and confirming in them the title to said lands; that since said date he had rendered for them various services and advanced for them various sums of money, in and about the premises, for which he had no other security than the deed aforesaid to the lands in question; and on the 25th day of March, 1889, he filed a lien for said services rendered to said Wright and Phillips in said cause, and he claimed a lien upon said premises for the services he had rendered for Wright and Phillips and for moneys paid out for them in the sum of $1,000. He then prayed that an accounting might be had between him and Chamberlain, of the rents, profits, taxes and interest, and improvements, and offered to pay whatever sum might be found due Grimes, and prayed that Grimes' deed dated December 26, 1888, might be canceled as against his deed of December 5, 1888, for an undivided one-half interest in the premises; that the title to an undivided one-half interest to said real estate might be quieted and confirmed in him; that the tax deed of Grimes, in so far as the same affected an undivided one-half of said real estate, might be declared void. He also prayed for a decree establishing a

lien against said premises for the sum of $1,000 for services he had rendered Wright and Phillips in the bringing of this action and in quieting and perfecting the title to said premises in them. The defense of Grimes, so far as the same is material here, was that he and his grantors had been in the open, notorious, and exclusive possession of said real estate, claiming title thereto for more than ten years prior to the bringing of this suit; that the deed made by Wright and Phillips on December 5, 1888, to Chamberlain for services rendered and to be rendered by him for them in and about the bringing and conducting of this suit and quieting and confirming the title to the premises described therein in said Wright and Phillips was champertous and void, because, by the contract between Chamberlain and Wright and Phillips, the former was to institute and carry on at his own cost and expense this litigation. He admitted obtaining the quitclaim deed for the land from Wright and Phillips on the 26th of December, 1888, and alleged that at that time he had no knowledge or notice whatever that Wright and Phillips had made the deed to Chamberlain on December 5, 1888, and generally traversed the other allegations of Chamberlain's cross-petition. The district court found and decreed that the tax deed dated November 24, 1874, and the quitclaim deed of Wright and Phillips, and each of them, be set aside and canceled and held for naught, in so far as they affected an undivided one-half interest in and to said real estate. The court also found and decreed that Chamberlain should pay to the defendant Grimes the sum of $500 within twenty days, and that thereupon the title to an undivided one-half interest in and to said lands should be quieted and confirmed in the said Grimes; and disallowed and dismissed Chamberlain's lien filed against said estate for attorney's fees. The case is now before us on appeal by Grimes. To reverse this appeal counsel for appellant make the following arguments:

49

1. The first point made is that Chamberlain, by his petition, claimed only an attorney's lien upon the real estate for services he had rendered Wright and Phillips, and that the court, in quieting and confirming the title to one-half of said real estate, misconstrued the issues made by the pleadings and awarded Chamberlain more than he asked. We think counsel for appellant misconstrue the petition of Chamberlain. This petition contains two causes of action, though not separately stated and numbered, and the prayer of Chamberlain's petition was that his title to an undivided one-half interest to the lands might be quieted and confirmed in him, and there was also a prayer that he might have judgment for $1,000 for attorney's fees, and that the same might be declared a lien upon the real estate.

2. The second argument is that Mr. Grimes procured his deed for this land from Wright and Phillips on the 26th day of December 1888, without any knowledge of the outstanding deed held by Chamberlain; and that while his, Grimes', deed was only a quit-claim, yet, nevertheless, Chamberlain is, and ought to be, estopped from asserting title to one-half of the premises as against him, Grimes, because it is said that in the original suit brought by Chamberlain for Wright and Phillips that Chamberlain signed this petition as counsel for Wright and Phillips and that he verified said petition; that he, Grimes, on the 25th day of December, 1888, procured a certified copy of this petition, and relying upon the allegations contained therein, that Wright and Phillips were the absolute owners of the land, went to the latter's home in Missouri, and procured them to make to him a quitclaim deed of December 26, 1888. If Grimes had read the original petition filed in this case, and had relied upon the statements therein contained, that at the time the petition was filed Wright and Phillips owned the real estate therein, and, relying upon this allegation in the petition, had purchased from Wright and Phillips the lands in controversy and taken

from them a conveyance thereof without any knowledge or notice that a portion of the land had already been conveyed by them to Chamberlain, there would be some force in appellant's argument; but we cannot believe that appellant's counsel make this argument seriously, as there can be no doubt in the mind of any reasonable man who has read this evidence but that Grimes, at and before the time he procured his quitclaim deed from Wright and Phillips for these lands, absolutely knew that Wright and Phillips had already conveyed an undivided one half interest in said lands to Chamberlain and that his deed had not been recorded. We shall not consume time by quoting this evidence. The district court found that Grimes, when he took his deed from Wright and Phillips, knew of the existence of the deed made by them to Chamberlain. That finding is supported by the evidence.

3. The third argument is that the contract between Chamberlain and Wright and Phillips was that Chamberlain should institute and carry on this litigation at his own cost and expense and receive therefor one-half of the fruits of the action, and that such contract was champertous and void. If we concede that counsel's contention is correct, viz., that the contract between Chamberlain and Wright and Phillips was champertous, that fact would not be a defense for Grimes in this action. That is a defense, if a defense, available only to Wright and Phillips in a suit against them by Chamberlain on his contract. (*Aultman v. Waddle*, 40 Kan., 195; *Courtright v. Burnes*, 13 Fed. Rep., 317.)

4. The final argument of appellant is that Wright and Phillips, at the time they made the conveyance to Chamberlain for one-half of the real estate, had no title thereto. The undisputed evidence in the record is that these lands were patented in July, 1861, by the United States government to one Hiram J. Wright; that he died on the 15th day of May, 1863, intestate, seized of these lands; that at

the time of his death he was unmarried and he left him surviving, as his only heir at law, a brother, one Henry R. Wright; that on the 15th of March, 1866, Henry R. Wright died intestate, leaving him surviving, his widow, the said Sytha Phillips, and the said William R. Wright, who was then an infant *in ventre sa mere*, and who was born on the 21st day of August, 1866; that said Henry R. Wright left no heirs, nor other next of kin, except his said widow and his unborn child. This argument, as to no title to the premises in Wright and Phillips at the time they made a deed thereof to Chamberlain, is based on an abstract introduced in evidence, from which counsel say it appears that on the 6th of February, 1869, one John D. Campbell, the administrator of Hiram J. Wright, made a contract for the sale of these lands to one Greenfield; that he took possession of the land and remained thereon until his death, and that his children conveyed the land to Grimes, and that Grimes holds title to these lands under these conveyances. Counsel say that these facts show that by the action of Hiram J. Wright's administrator the title of his heirs to the land was divested in 1869; that the presumption is that the estate of Hiram J. Wright received from Greenfield the purchase price of the land mentioned in the contract made by his administrator, and the further presumption is that the administrator made this contract of sale in pursuance of authority from a court of record as the law requires. There are two things to be said of this argument: First—It cannot be said that the abstract introduced in evidence, or any other evidence in the record, establishes the fact that Hiram J. Wright's administrator did make a contract for the sale of these lands to Greenfield, or that Greenfield took possession of the lands in pursuance of such a contract; nor does it appear that John D. Campbell was ever the administrator of the estate of Hiram J. Wright, deceased; but if the evidence showed that Hiram J. Wright's administrator made a contract for the sale of

these lands to Greenfield, and that he took possession of the lands under such contract, the court could not presume that the purchase price of the lands was received by the heirs of Hiram J. Wright; and it needs no argument nor citation of authorities to show that if the administrator made any such contract that it was not simply voidable, but absolutely void, and without any authority of law whatever. It remains to be said of this argument that no such defense as this was pleaded or proved in the court below, and if a defendant in a trial court omit a defense upon the merits which he might have made, he will in this court be bound by the pleadings and evidence as exhibited by the record. (*Courtnay v. Price*, 12 Neb., 188.)   This defense then, of Grimes, whatever may be its merits, comes too late for the first time in this court.   The decree of the district court was right and it is ·

AFFIRMED.