ARTHUR O. GOODWIN, APPELLEE, V. ROSEBUD CATTLE
COMPANY, APPELLANT.

FILED APRIL 30, 1924. No. 22750.

1. **Animals: TRESPASS: PLEADING.** "A petition which states that the defendant, with his cattle, broke and entered upon plaintiff's premises, and injured and destroyed property thereon, charges a wilful trespass, and is good against a general demurrer." *Meyers v. Menter,* 63 Neb. 427.

2. **Appeal: FINDINGS.** The finding of the trial court in a law action is entitled to the same force and effect as the verdict of a jury. This court will not interfere with the finding of the trial court in a law action based upon conflicting evidence, unless clearly wrong.

3. ———: **DEFENSE.** A defendant will not be heard in the su-

preme court to urge a defense which was neither pleaded nor proved in the trial court.

APPEAL from the district court for Cherry county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*James C. Quigley* and *Allen G. Fisher*, for appellant.

*Oliver M. Walcott* and *J. J. Harrington*, contra.

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, DAY and GOOD, JJ.

GOOD, J.

This is an action to recover damages for trespass by live stock. Plaintiff in his petition alleged that in November and December, 1919, the defendant permitted a large herd of its cattle to trespass upon his land and to eat and destroy 1,400 bushels of corn and 60 tons of hay of the value of $2,850. The defendant filed an answer, in which it alleged that it is an unincorporated association, organized for the carrying on of business in Nebraska, and that one Clifford Jackson was foreman in charge of its ranch on November 19, 1919. It further alleged that on said date plaintiff took up, under a claim of right under the herd law, 16 head of defendant's steers, and that, pursuant to the demand made by plaintiff, the defendant offered to pay the damages incurred until that time by the 16 head of defendant's steers, and offered in settlement of such damages the sum of $500, and defendant offered to confess judgment in favor of the plaintiff for that sum. The answer further denied that any of defendant's cattle were on the plaintiff's premises after November 19, 1919, and denied all the other allegations of the petition. A jury was waived and trial had to the court, which resulted in a judgment for plaintiff in the sum of $2,104.34. Defendant appeals.

There are no specific assignments of error. Defendant urges three propositions: (1) The petition does not state a cause of action. (2) The judgment is not sustained by the evidence. (3) Plaintiff's cause of action is satisfied

by having seized 16 head of cattle while trespassing upon his premises.

As to the sufficiency of the petition, it appears from the allegations thereof that "defendant caused and permitted its cattle to come on and trespass upon the lands of the plaintiff." It also shows that there were 70 acres of corn grown on said premises during the year 1919, from which it appears that at least a part of the land was cultivated. In the case of *Meyers v. Menter*, 63 Neb. 427, it was held: "A petition which states that the defendant, with his cattle, broke and entered upon plaintiff's premises, and injured and destroyed property thereon, charges a wilful trespass, and is good against a general demurrer." The facts alleged in the petition in this case bring the case within the rule announced. The petition is not vulnerable to the attack which is now made upon it in this court.

The evidence as to the value of the hay and corn eaten and destroyed by defendant's cattle is in conflict. The finding of the trial court is entitled to the same force and effect as the verdict of a jury. This court will not interfere with the finding of the trial court in a law action based upon conflicting evidence, unless clearly wrong. We have carefully examined the entire record, and the evidence is ample to sustain a finding for even a larger amount than was awarded the plaintiff.

As to the third point, there is no averment in the answer that plaintiff's cause of action was satisfied or extinguished by the seizing of 16 head of defendant's cattle. While the evidence shows that plaintiff did seize 16 head of defendant's cattle while trespassing upon his land, the evidence does not disclose what became of the cattle. For aught that appears, the cattle may have been returned to the defendant. A defendant will not be heard in the supreme court to urge a defense which was neither pleaded nor proved in the trial court.

No error of the trial court has been pointed out. The judgment seems to be just and is

AFFIRMED.

Note—See Animals, 3 C. J. p. 145, sec. 460; Appeal and Error, 3 C. J. sec. 589; 4 C. J. sec. 2855.