W. F. Riggs et al., Trustees, Appellees, v. Charles
Hroch et al., Appellants.

274 N. W. 598

Filed July 22, 1937.   No. 30042.

*Hubka & Hubka,* for appellants.

*C. B. Ellis, contra.*

Heard before Goss, C. J., Rose, Good, Eberly, Day,
Paine and Carter, JJ.

Eberly, J.

This action is one in the nature of a creditors' bill, and

was brought by the plaintiffs to set aside two conveyances contemporaneously made by the judgment debtor husband, Charles Hroch, to his wife, Tillie Hroch, the one conveyance transferring a quarter-section of land in Gage county, Nebraska; the other likewise transferring personal property enumerated therein, and being all of the personal property owned by the defendant Charles Hroch immediately prior to and at the time of the execution of the instrument of conveyance by him.

The petition of plaintiffs alleges that these conveyances were each made without consideration, and for the purpose of defrauding, hindering, and delaying the creditors of defendant Charles Hroch, both present and prospective, in the collection of their debts against him; and that the same were received by the defendant Tillie Hroch with full knowledge of the purpose of the conveyances and with fraudulent intent to aid and assist in the same.

In their joint answer the defendants joined issue with the plaintiffs. Such answer consisted, first, of a general denial, and, secondly, alleged with particularity that the defendant Charles Hroch was indebted to the defendant Tillie Hroch in the sum of $4,500, together with accrued interest thereon, and that the actual consideration of said transfers by Hroch to his wife was the cancelation of said indebtedness; that at the time said property was transferred it was encumbered, and that Tillie Hroch, by the cancelation of said indebtedness, paid full value therefor.

The allegations of this answer were put in issue by the reply of plaintiffs thereto.

A trial was had, and the district court, after a hearing largely upon oral evidence and at which the witnesses personally appeared and testified, found generally in favor of the plaintiffs and against the defendants, and each of them, upon the cause of action set forth in plaintiffs' petition, and found that the allegations therein set forth were true; and further adjudged that there was due the plaintiffs upon their judgment the sum of $1,226.20 with interest thereon at 8 per cent., and costs of suit taxed at $16.60;

vacated and set aside the conveyances of the real estate and the personal property, and subjected both the personal property and the real estate (preserving, however, the homestead rights of the defendants) to the payment of the debt evidenced by plaintiffs' judgment.

It is contended by the defendants at the bar of this court that the judgment in this case must be reversed and a re-, covery denied, for the reason that plaintiffs have neither pleaded nor proved the issuance of an execution upon their judgment and its return *nulla bona* before the institution of this creditors' suit. However, the record before us discloses that this question was not presented to the trial court. Therefore, it may not be considered by us at the present time. *Halbert v. Rosenbalm,* 49 Neb. 498, 68 N. W. 622; *Goodwin v. Rosebud Cattle Co.,* 112 Neb. 90, 198 N. W. 568; *Lyons v. Austin,* 126 Neb. 248, 252 N. W. 908.

In addition, the undisputed facts disclosed by the present record invoke the rule of procedure announced by this court in *State Bank of Ceresco v. Belk,* 68 Neb. 517, 94 N. W. 617, in the following terms, viz.:

"There are two classes of creditors' bills, one to reach the equitable assets or property. of the debtor on which an execution at law cannot be levied; the other in aid of an execution at law, as to set aside an encumbrance or a transfer of property made to defraud creditors. In the first class of cases the creditor must allege and show that he has exhausted his remedy at law, while in the second it is sufficient to show that his claim has been reduced to judgment and docketed in the county where the land lies which he seeks to subject to the payment of his claim. The equity court in such case is merely lending its assistance to the legal tribunal to remove a fraudulent obstruction interposed to the execution of its writ."

See, also, *Thies v. Thies,* 111 Neb. 805, 198 N. W. 151.

Our statutory provision applicable to this class of cases is, viz.:

"Every conveyance or assignment, in writing or otherwise, of any estate or interest in lands, or in goods or things

in action, or of any rents or profits issuing therefrom, and every charge upon lands, goods or things in action, or upon the rents and profits thereof, made with the intent to hinder, delay or defraud creditors or persons, of their lawful rights, damages, forfeitures, debts or demands, and every bond or other evidence of debt given, suit commenced, or decree or judgment suffered, with the like intent as against the persons so hindered, delayed or defrauded shall be void." Comp. St. 1929, sec. 36-401.

In the application of this provision to transactions between husband and wife, especially where the result thereof is to deny creditors of the husband their just demands, we are committed to the doctrine that conveyances between close relatives are presumptively fraudulent as to an existing creditor, and in litigation between the creditor and the parties to the conveyance over its alleged invalidity, the burden is on them to establish the good faith of the transaction by a preponderance of the evidence. *Lincoln Savings & Loan Ass'n v. Mann,* 129 Neb. 26, 260 N. W. 559; *Waterbury State Bank v. O'Neill,* 129 Neb. 150, 260 N. W. 808; *Gentry v. Burge,* 129 Neb. 493, 261 N. W. 854.

In the instant case, the conveyances were made after both the husband and wife knew of the existence of the plaintiffs' indebtedness prior to the making of such conveyances, and also were advised of the intent of the creditors to early enforce the same by judicial proceedings.

The evidence of defendants is that, including a $2,000 homestead exemption and the prior encumbrances on the land, the actual consideration for the transfer by the husband to the wife was $13,107, and that the value of the land did not exceed $65 an acre.

Plaintiffs' evidence, given by witnesses who so far as the record discloses are disinterested, is that the value of the land alone amounted to $16,000, and the value of the personal property transferred amounted to approximately $1,500. The evidence also discloses that there was no inventory or valuation of the personal property transferred to the wife, and that the two transfers embraced all of the debtor's property.

The evidence as to the origin and continuance of the indebtedness that constitutes the foundation of the claim of Tillie Hroch, and its subsequent transfer to her, is wholly unsatisfactory and unconvincing.

"Fraudulent intent may be established by proof of facts from which such inference may be reasonably drawn." *Peterson v. Wahlquist*, 125 Neb. 247, 249 N. W. 678.

It is also true: "On appeal in equity cases, this court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testifying." *State v. Cheyenne County*, 123 Neb. 1, 241 N. W. 747. See, also, *Harbine Bank of Fairbury v. McCune*, 131 Neb. 419, 268 N. W. 358.

A careful examination of the entire record, in the light of the authorities cited, convinces us that the trial court was correct in the determination by it made in this action.

The judgment of the district court is, therefore,

AFFIRMED.