EDWARD C. HEMMER, APPELLEE, v. METROPOLITAN LIFE INSURANCE COMPANY, APPELLANT.

276 N. W. 153

FILED NOVEMBER 5, 1937. No. 30245.

*Harley G. Moorhead* and *Emmet S. Brumbaugh,* for appellant.

*Fradenburg, Webb, Beber, Klutznick & Kelley* and *Alfred A. Fiedler, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

EBERLY, J.

This is an action to recover permanent and total disability, alleged by plaintiff to be due him, in the sum of $1,848.50 under a group policy of insurance issued by defendant company to its own employees, of whom plaintiff was one, after completion of six months of service,— permanent and total disability benefits becoming payable only when at the time the employee applies for the same such employee had five years of service and had contributed to the premiums for such insurance ever since he was eligible or has been a continuous contributor for not less than four years and six months. There was a trial to a jury, resulting in a verdict for plaintiff in the sum of $1,407.70, and from the order of the trial court overruling its motion for new trial the defendant company appeals.

This is the second appearance of this case in this court. In *Hemmer v. Metropolitan Life Ins. Co.,* 131 Neb. 14, 267 N. W. 153, this identical controversy was presented to this court by an appeal of plaintiff from the order of the dis-

trict court for Douglas county sustaining defendant's demurrer to plaintiff's petition and dismissing his action. This court in that proceeding, after an examination of the pleadings and the terms of the insurance contract set forth therein, construed the same and reversed the judgment of the district court and remanded the cause for further proceedings. In that judgment this court, upon an examination of the contract of insurance, held substantially, as applied to the issues now presented on this second appeal, that plaintiff was required to prove only two principal factors, viz.: (1) That his disability in the degree defined by the policy had continued for 53 weeks; and (2) that at the end of such 53 weeks, being then totally and permanently disabled, if he sought total and permanent disability benefits, he had the five years of service essential to his recovery under the terms of the policy in suit, and that such five years of service could include the 53 weeks during which he was receiving temporary disability benefits. This adjudication constituted the law of the present case, as previously determined.

There is no conflict in the evidence as to the fact that plaintiff had been employed by defendant company, and within the scope of the insurance policy, four years, two months, and twenty-three days when the payments of "temporary disability" were commenced in June, 1933, and that such payments continued up to and including June 24, 1934.

The master policy here involved contained two relevant provisions, viz.:

"In addition to the temporary disability benefits provided hereunder, the employee's contributions will be waived for each full calendar week for which such benefits are payable."

Also, "the service of an employee who has been in receipt of disability benefits shall be deemed to terminate, as of the last day of the period for which such benefits were paid."

These provisions sustain and render necessary the con-

clusion as to completion of five years of service above announced.

The fact that plaintiff, at the commencement of the action, was permanently and totally disabled is not questioned either in the evidence or on argument at the bar of this court. And the further fact that he had performed the five years of service necessary to bring him within the terms of the policy entitling him to recover must be conceded in view of the record before us and the law of the case heretofore established.

Certain objections to instructions given by the trial court are challenged by appellant. These instructions must be construed together, in the light of the law of the case as heretofore determined by this court. We have so examined them and have found them free from error. *Stephan v. Prairie Life Ins. Co.*, 113 Neb. 469, 203 N. W. 626; *Clausen v. Johnson*, 124 Neb. 280, 246 N. W. 458.

The defendant presents for review the reasonableness of an allowance of attorney fees in the sum of $2,500 as taxed against it by the trial court. Authority for the taxing of attorney fees by trial courts in the instant class of cases is conferred by section 44-346, Comp. St. 1929. In passing on this section the United States circuit court for the eighth circuit in a Nebraska case sustained the action of the trial court in fixing an attorney fee thereunder, in the absence of any oral evidence on the subject, and stated:

"The further point, in connection with the allowance of this fee, that there was no evidence as to a reasonable amount is not open to examination. If it were, we would be inclined to hold that the court is as good judge of reasonableness of attorney fees for services in that court as any one. Any testimony as to what would be a reasonable fee would be in the nature of expert evidence, and, as such, advisory but not binding upon the court." *Globe Indemnity Co. v. Sulpho-Saline Bath Co.*, 299 Fed. 219.

Nevertheless, the question of attorney fees is subject to review, and the revisory action of this court is to be exercised in a consideration of all the facts disclosed by the

record. This court has carefully considered the record, including all competent evidence presented thereby on the subject of a reasonable attorney fee, in view of the nature of the case, the amount involved in the controversy, the results obtained, and the services performed including the length of time spent in the case, the care and diligence exhibited and the character and standing of the attorneys concerned. Without any criticism relative to elements so enumerated, we are unanimously of the opinion that the sum of $2,500 allowed and taxed by the trial court as attorney fees is excessive and constitutes an abuse of judicial discretion; that a reasonable fee for plaintiff's attorneys in the trial court does not exceed, and is hereby fixed at, the sum of $500; and that a fee for services performed by plaintiff's attorneys in this court upon this appeal is allowed in the sum of $250, which last-named amount is ordered to be taxed as costs in this case.

Therefore, it follows that the judgment in favor of plaintiff in the sum of $1,407.70 is affirmed, and that the order of the trial court in this case fixing and allowing an attorney fee of $2,500 is set aside and reversed, and the cause is remanded to the district court, with directions to tax the sum of $500 in favor of plaintiff's attorneys for services in the trial court.

AFFIRMED AS MODIFIED.