JACOB SLOSBURG, JR., CROSS-APPELLEE, v. CHESTER E. HUNTER ET AL., APPELLANTS AND CROSS-APPELLEES: G. P. HORN, TRUSTEE, INTERVENER, APPELLEE AND CROSS-APPELLANT.

285 N. W. 563

FILED MAY 12, 1939. No. 30573.

*Carl F. Benjamin* and *McKenzie & Dugan,* for appellants.

*Eugene N. Blazer, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

CARTER, J.

This is a suit brought by a creditor and subsequently prosecuted by the trustee in bankruptcy of the estate of Chester E. Hunter, bankrupt, to set aside the conveyance made by the bankrupt to his wife of two tracts of real estate, one of which is located in Sarpy county and the other in Washington county. The trial court held that the transfer of the Sarpy county land was not fraudulent and dismissed the cause of action as to it. The transfer of the Washington county land was held to be fraudulent and the trustee in bankruptcy was directed to sell this tract for the benefit of the bankrupt estate. The defendants Chester E. Hunter and Delle Hunter have appealed from this order and the trustee in bankruptcy cross-appeals.

The defendants Chester E. Hunter and Delle Hunter appeal from the finding of the district court that the transfer of the Washington county land by Chester E. Hunter to Delle Hunter, his wife, was fraudulent. The record shows that Delle Hunter was injured in a street car accident in 1915, and received $1,500 as a full settlement of her claim for damages. The defendant Chester E. Hunter also received $1,000 as a full settlement for damages which he sustained in the same accident. It is the contention of the defendants that in 1921 Delle Hunter used a part of this money to purchase some land in North Dakota, the title to which was taken in the name of Chester E. Hunter. Shortly thereafter the North Dakota land was traded for five small houses in South Omaha and the title taken in the name of Chester E. Hunter. This latter property was in turn traded for a second mortgage on the Washington county land which was in due course of time foreclosed and the land bought in by Chester E. Hunter, subject to a

mortgage for $3,800. On October 1, 1934, Chester E. Hunter conveyed the land to Delle Hunter, and it is this conveyance that is attacked in this suit.

It is not disputed that on March 25, 1932, Jacob Slosburg, Jr., the plaintiff herein, was the owner of a $3,000 note signed by Chester E. Hunter. On February 13, 1936, judgment was obtained on this note for $3,426.40. Transcripts of this judgment were filed in Washington and Sarpy counties on March 6, 1936. On July 3, 1936, Chester E. Hunter filed his voluntary petition in bankruptcy and was adjudicated a bankrupt.

The first mortgage on the Washington county land was paid off except for $200. There is no satisfactory evidence in the record that Delle Hunter paid this mortgage or had the means to pay it. All payments were made by Chester E. Hunter and all taxes prior to October 1, 1934, were also paid by him. During all the times mentioned, Chester E. Hunter was the manager of the Omaha office of Lamson Brothers & Company at a salary of $5,000 a year. The evidence further shows that the land was at all times prior to 1935 leased by Chester E. Hunter. Chattel mortgages on the lessee's stock and equipment to secure the payment of the cash rent were executed in favor of Chester E. Hunter prior to 1935 and never in favor of Delle Hunter prior to that date. The crop returns from the land were all paid to Chester E. Hunter prior to 1935, and such moneys were all used by him. There is no evidence that any of the money was ever paid over to Delle Hunter. It is not satisfactorily shown by the record that the money put in the North Dakota land was that of Delle Hunter. It is not shown that the money received in 1915 for the damages suffered in the street car accident was segregated and retained until the North Dakota land was purchased in 1921. At the same time the Washington county land was conveyed to Delle Hunter by her husband, other lands in Harlan, Chase and Perkins counties were conveyed to her. Both defendants admit that these lands were conveyed to the wife without any consideration whatsoever.

There is evidence by an expert witness in the record that the Washington county land is worth $6,000. The assessed value of the land was shown to be $6,100.

These facts clearly confirm the finding of the trial court that the defendants have failed to sustain the burden of proof required by the law to sustain a conveyance from a husband to a wife as against an existing creditor. The applicable rules are as follows:

A trustee in bankruptcy succeeds to the rights which any creditor of the bankrupt had prior to his adjudication for the benefit of the bankrupt estate. Bankruptcy Act, sec. 70 (a) (e), 11 U. S. C. A., sec. 110; *Globe Bank & Trust Co. v. Martin*, 236 U. S. 288, 35 S. Ct. 377, 59 L. Ed. 583; *Sheldon v. Parker*, 66 Neb. 610, 92 N. W. 923.

"Every conveyance or assignment, in writing or otherwise, of any estate or interest in lands, * * * made with the intent to hinder, delay or defraud creditors * * * as against the persons so hindered, delayed or defrauded shall be void." Comp. St. 1929, sec. 36-401. See *Farmers Elevator Co. v. Peck*, 134 Neb. 305, 278 N. W. 499.

A conveyance of real estate by a husband to his wife is presumptively fraudulent as to existing creditors and will be set aside unless the good faith of the transaction be established by a preponderance of the evidence. *Riggs v. Hroch*, 133 Neb. 260, 274 N. W. 598; *Farmers Elevator Co. v. Peck, supra*.

The trustee in bankruptcy complains in his cross-appeal of that part of the decree of the trial court holding that the conveyance of an undivided one-half of the Sarpy county land to Delle Hunter and the remaining one-half to Eugene H. Tiffany was not fraudulent.

The record discloses that on or about July 11, 1910, the defendant Delle Hunter received $2,000 on an insurance policy covering the life of her father. She invested this money in stocks and bonds until 1914 when she converted her securities into cash and paid $2,000 on a home in Omaha, the title to which was taken in the name of her husband, Chester E. Hunter. Subsequently, the home in

Omaha was traded for the Sarpy county farm, the title to which was also taken in the name of Chester E. Hunter.

The record also shows that Chester E. Hunter was indebted to Eugene H. Tiffany in the amount of $1,700, represented by a note bearing interest at 4 *per centum per annum,* at the time an undivided half of the Sarpy county land was conveyed to him. The evidence of Tiffany was that the land was conveyed to him as security for the loan.

The evidence of the only disinterested witness fixes the value of the Sarpy county land at $10,000 or $11,000. The property was encumbered by a first mortgage of $3,000. Under this statement of the record the trial court was justified in holding that there was ample consideration for the conveyance of an undivided one-half interest in the land to Delle Hunter. That she had $2,000 invested in the land is satisfactorily established. Any reasonable computation of interest on this amount for the time it was invested shows that the value of the property conveyed did not exceed the amount due from the grantor. The trial court was right in sustaining the conveyance of an undivided one-half interest in the Sarpy county land to the defendant Delle Hunter.

It is not disputed, however, that the amount due Tiffany at the time of the conveyance of a half interest in the land to him was only $1,700, including interest. The net value of the land conveyed to him was in excess of $3,000. It is not proper for a creditor to receive in settlement of his debt against an insolvent debtor property materially greater in value than the debt paid thereby. *Griswold v. Szwanek,* 82 Neb. 761, 118 N. W. 1073. The evidence of Tiffany was that he took the deed as security only. Under these circumstances the deed to Tiffany should be treated as security for his note for $1,700, and upon a sale the excess, if any, should accrue to the benefit of the trustee. With this modification the decree of the district court is affirmed.

AFFIRMED AS MODIFIED.