JEAN W. HARDY, APPELLEE, V. PHILIP S. HARDY, APPELLEE AND CROSS-APPELLANT, BERNARD S. GRADWOHL ET AL., APPELLANTS AND CROSS-APPELLEES.

72 N. W. 2d 902

Filed November 4, 1955. No. 33746.

Ginsburg & Ginsburg, for appellants and cross-appellees.

Woods, Aitken & Aitken, for appellee and cross-appellant.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

The issues presented by this appeal flow as incidents

from an action for divorce instituted by Jean W. Hardy, plaintiff and designated as an appellee in this court, against Philip S. Hardy, defendant and also designated as an appellee, which action was dismissed at the instance of plaintiff without a trial.

Bernard S. Gradwohl was retained by plaintiff as her attorney and on her behalf he filed the petition in the action for divorce on October 14, 1953. Apparently at the time the action was instituted there was no agreement between plaintiff and her attorney as to fees or compensation for the attorney. Thereafter on October 28, 1953, a written agreement was entered into covering the question of compensation. It was in form a letter from and signed by plaintiff to her attorney setting forth the terms of the employment which was accepted in writing over the signature of the attorney by endorsement on the letter. The letter is in five paragraphs of which four are numbered. The portions of the letter of pertinence on this appeal are the first and fourth numbered paragraphs as follows:

"1. You are to receive a reasonable fee from me for all services to be rendered, regardless of whether there is a contested trial. This includes a property settlement before or after the trial; and also any reconciliation to which I may agree."

"4. I agree to pay costs and expenses which you may incur, but any amounts paid to you by Philip for such costs and expenses shall be credited."

After the action was instituted the plaintiff and her attorney negotiated with the defendant and his attorney with the view to the arrival at an agreement on the subject of alimony for plaintiff, division of property, custody of minor children, there being two, and support and maintenance of the children. Negotiations ended on December 4, 1953. On this date the defendant in the presence of plaintiff made an effort to get the attorney to fix a charge for his services but this was refused. And incidentally the record does not disclose that the

attorney ever placed a value on his services until the issue presented here was presented to the district court.

Within a couple of days after December 4, 1953, the plaintiff left for Florida but before departure she wrote her attorney a letter requesting a dismissal of the action for divorce.

On December 10, 1953, the attorney on his own behalf and on behalf of Edward F. Carter, Jr., and John M. Gradwohl, as attorneys for plaintiff, filed an application to have fixed and charged against the defendant an attorneys' fee for the services performed on behalf of plaintiff.

As a part of this same pleading the attention of the court was called to the communication from plaintiff to the attorney requesting dismissal of the divorce action. No responsive pleading was filed by either plaintiff or defendant.

A trial was had on the application for attorneys' fees at the conclusion of which it was adjudged that the defendant should pay as an attorneys' fee to plaintiff's attorneys the sum of $3,250. As a part of that adjudication the divorce petition of plaintiff was dismissed.

Following the adjudication as to attorneys' fees the attorneys filed a motion for new trial, which motion was overruled. From the adjudication and the order overruling the motion for new trial they have appealed.

The brief of the attorneys for plaintiff, who will be referred to hereinafter as appellants, contains seven separate assignments of error as grounds for reversal but by the argument one question is presented. The question presented is that of whether the fee allowed was adequate. The appellants insist that it was grossly inadequate.

The defendant cross-appealed. In his brief he presented together his position with reference to the appellants' appeal and his cross-appeal. In this connection he presented three assignments of error.

The first is that the court erred in finding that the

appellants, as attorneys for plaintiff, were entitled to an allowance for attorneys' fees to be taxed against him. This assignment has apparently been abandoned since it has not been argued in the brief or supported by legal proposition.

The third is that the court erred in overruling the motion for new trial made by the defendant and cross-appellant. This motion does not appear in the transcript although general reference is made to it without any mention of its content, hence in this connection there is nothing which this court may consider.

The second is that the fee of $3,250 which was allowed was grossly excessive.

In further defense in the brief but not in any assignment of error the defendant urges that the appellants should be denied any fee as a disciplinary measure on the ground that the contract between plaintiff and Bernard S. Gradwohl, hereinbefore referred to, was a contingent fee contract in a divorce case and as such was against public policy.

The conclusion reached as to this is that it may not be considered herein. The appellants by their reply brief assert that no such issue is before this court. This assertion is sustained by the record. The record fails to disclose that any such question was ever presnted to the district court.

It is a long-established rule that the Supreme Court cannot consider a defense not submitted to the trial court nor disclosed by the record. Chamberlain v. Grimes, 42 Neb. 701, 60 N. W. 948; Bell v. Rice, 50 Neb. 547, 70 N. W. 25; Goodwin v. Rosebud Cattle Co., 112 Neb. 90, 198 N. W. 568; McDonald v. Lincoln County, 141 Neb. 741, 4 N. W. 2d 903.

The only exception to this rule is that jurisdiction over the subject matter may be asserted as a defense on appeal. Houser v. McCrystal, 5 Neb. (Unoff.) 217, 97 N. W. 828. The question presented in this instance is of course not one of jurisdiction.

This then leaves remaining only the question of whether or not the district court erred in fixing the amount of a fee for the appellants.

It should be observed here that this is not an action to enforce the contract above referred to between the plaintiff and Bernard S. Gradwohl, but is one to fix fees and expenses in favor of appellants on account of services performed on behalf of plaintiff in her divorce action against her husband, the defendant. Bernard S. Gradwohl, however, has by his testimony on the trial of the issues involved here committed himself to the proposition that an unqualified allowance of fees against the defendant would relieve fully against the obligation of his contract with the plaintiff.

As a general guide to the fixing of attorney's fees in cases including actions for divorce this court has said: "A reasonable attorney fee in any proceding is to be determined by the nature of the case, the amount involved in the controversy, the results obtained, and the services actually performed therein, including the length of time necessarily spent in the case, the care and diligence exhibited and the character and standing of the attorneys concerned." Hemmer v. Metropolitan Life Ins. Co., 133 Neb. 470, 276 N. W. 153. See, also, Darnell v. City of Broken Bow, 139 Neb. 844, 299 N. W. 274, 136 A. L. R. 101; Strasser v. Strasser, 153 Neb. 288, 44 N. W. 2d 508.

Proceeding with this guiding statement in mind it is repeated that this was an action for divorce. Also involved were custody and support for children, alimony for the wife, and division of property. The questions of alimony, child support, and division of property in case of divorce are dependent upon the social position and the living standard of the parties, and the amount of defendant's property and income.

The property of the plaintiff was, comparatively speaking, inconsequential. The appellants' estimate of the value of defendant's property was around $700,000. The

defendant's estimate of the net value of his estate was slightly over $100,000. From the conflicting evidence no satisfactory conclusion can be reached as to the value of this estate, but reasonably it may be said that the true value was much below the estimate of the appellants, but considerably above the estimate of the defendant. The defendant's salaried income at the time of the trial was $24,000 a year. Previously it had been higher. He had a small amount of additional income.

The social standing and the standard of living of the parties before their separation appears to have been rather high.

The character and standing of the appellants as attorneys, according to attorneys called by both the appellants and the defendant, was high. The same may be said as to their reputation for diligence.

The record fails to disclose that any results of a substantial character were obtained. During the period that the appellants represented the plaintiff there were repeated conferences and proposals dealing with property and allowances but nothing was ever agreed upon or settled. Negotiations ended on December 4, 1953, and on that day plaintiff and defendant left a conference of the parties and their attorneys together. Before their departure an effort was made to get Bernard S. Gradwohl to fix the fee for his services. This he refused to do. Whether or not his refusal had anything to do with the breaking off of negotiations is not certain. It is not of great importance.

After this the plaintiff went to Florida and was gone for a considerable period of time. Thereafter she returned to Lincoln, Nebraska, and at the time of the hearing which is being reviewed here, she was living at the family residence. Whether or not there was an actual reconciliation, temporary or permanent, is not disclosed by the record. It is not of importance here. This recital discloses, as was stated, that no substantial results were obtained for plaintiff by the appellants.

As to the services actually performed, including the time devoted to the case, we have only the testimony of Bernard S. Gradwohl. He testified in very considerable detail as to the character and extent of the service performed by himself and the other appellants. Those details will not be repeated here. As to time, he kept no records but he estimated that he devoted 25 days and the other appellants 25 days.

He fixed the value of his time at $300 to $350 a day and that of the other appellants at $200 to $250 a day or a total value for time from $12,500 to $15,000. In his testimony he valued the total service at $35,000.

He called a witness who, on the basis of a hypothesis, testified that the time of appellants was worth a maximum of $7,500 and that the value of the total service was from $25,000 to $35,000. Another witness gave testimony of similar import.

The defendant called two witnesses who gave testimony as to the value of appellants' services. Effectually, under the circumstances as disclosed, one witness testified that the maximum value of the time devoted to the case by appellants was $3,250 and that no further allowance was justified. The testimony of the other witness in general conformed to that of this witness.

Having taken into consideration all of the facts as disclosed by the record and applied to them the rule set forth for the determination of the value of attorneys' services, the conclusion is reached that the amount fixed by the decree and judgment of the district court represents adequately the value of appellants' service to the plaintiff.

AFFIRMED.