JAMES D. LONSDALE, APPELLANT, v. UNION INSURANCE
COMPANY, A MUTUAL INSURANCE COMPANY, APPELLEE.

91 N. W. 2d 245

Filed July 3, 1958. No. 34405.

*Robert B. Waring* and *John C. Gewacke,* for appellant.

*Healey, Davies, Wilson & Barlow* and *Patrick W. Healey,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This appeal is from the district court for Fillmore County. It involves an action brought by James D.

Lonsdale against the Union Insurance Company, a mutual insurance company, based on the medical pay coverage of a "Combination Automobile Policy." The trial court dismissed the action. Plaintiff thereupon filed a motion for new trial and this appeal is from the order overruling that motion.

Appellee issued to appellant a "Combination Automobile Policy" covering appellant's 1956 Ford Fordor Victoria with motor serial number M6FF246919. This policy was effective from September 11, 1956, to Sepember 11, 1957, and, for a premium charge of $5, covered "Automobile Medical Payments" for each person covered up to a maximum of $500.

Appellant also owned a 2-ton "15-foot box cab-over-engine" truck which he used in connection with his business of farming. The truck was not covered by the policy issued to appellant. On November 3, 1956, while appellant was using this truck to haul cattle, it overturned at a point on a public road about 2 miles north of Ruskin, Nuckolls County, Nebraska. As a result of the truck turning over appellant, who was driving it, and his wife, who was riding with him, were seriously injured. The wife subsequently died as a result of injuries she suffered in the accident.

Admittedly appellant incurred expenses of the type enumerated in the medical payment provisions of the policy in excess of $500 for both him and his wife as a result of the injuries each suffered in the accident. He herein seeks to recover the sum of $500, the maximum limit payable under the policy, for each of them, together with a reasonable attorney's fee. The question thus presented is, were appellant and his wife covered by the medical payment provisions of the policy while riding in appellant's truck?

Appellant contends that certain provisions of the policy are not printed in the size type required by subsection (4) of section 44-712, R. R. S. 1943, and, because of that fact, are not in effect but are, in fact, out of the

policy. This issue was neither raised by the pleadings filed nor by the evidence adduced in the district court. It is raised for the first time in this court on appeal. Under this situation the question is not here for our consideration. See, Hardy v. Hardy, 161 Neb. 175, 72 N. W. 2d 902; Vielehr v. Malone, 158 Neb. 436, 63 N. W. 2d 497; Horbach v. Butler, 135 Neb. 394, 281 N. W. 804. As stated in Horbach v. Butler, *supra:* "An issue not raised by the pleadings and proof in the district court cannot be raised for the first time in the supreme court."

In construing the policy the following principles are applicable:

"An insurance policy should be construed as any other contract to give effect to the intent of the parties at the time it was made." Koehn v. Union Fire Ins. Co., 152 Neb. 254, 40 N. W. 2d 874. See, also, Rathbun v. Globe Indemnity Co., 107 Neb. 18, 184 N. W. 903, 24 A. L. R. 191.

"The language should be considered not in accordance with what the insurer intended the words to mean, but what a reasonable person in the position of insured would have understood them to mean. If the contract was prepared by the insurer and contains provisions reasonably subject to different interpretations, one favorable to the insurer and one advantageous to the insured, the one favorable to the latter will be adopted." Koehn v. Union Fire Ins. Co., *supra.* See, also, 29 Am. Jur., Insurance, § 166, p. 180.

"* * * in the construction of a contract, the instrument must be construed as a whole giving force and effect to all of the provisions of the contract." Eastep v. Northwestern Nat. Life Ins. Co., 114 Neb. 505, 208 N. W. 632.

"* * * the parties to an insurance contract may make the contract in any legal form they desire, and in the absence of statutory provisions to the contrary, insurance companies have the same right as individuals to limit their liability and to impose whatever conditions they please upon their obligations, not inconsistent with public policy. If plainly expressed, insurers are entitled

to have such exceptions and limitations construed and enforced as expressed." 29 Am. Jur., Insurance, § 166, p. 184.

Generally, the policy provides: "Union Insurance Company * * * Agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, *exclusions, conditions* and other terms of this policy: * * *." (Emphasis ours.)

As to automobile medical payments the policy provides generally that: "Coverage C - To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services: * * *."

Division 1, under coverage C, provides: "To or for each person who sustains bodily injury, sickness or disease, caused by accident, while in or upon or while entering into or alighting from *the automobile,* provided the automobile is being used by the named insured or his spouse if a resident of the same household, or with the permission of either; * * *." (Emphasis ours.)

Under the factual situation herein disclosed recovery under division 1 of coverage C, when read in connection with other provisions of the policy, particularly subsection (1) of section IV(a), is limited to when a person sustains bodily injury caused by an accident while in, upon, entering into, or alighting from appellant's 1956 Ford Fordor Victoria, the automobile specifically covered by the policy.

Division 2 of coverage C provides: "To or for each insured who sustains bodily injury, sickness or disease, caused by accident, while in or upon, or while entering into or alighting from, or through being struck by, an automobile." It is primarily with this provision that we are here concerned. The word "automobile," as therein

contained, would include the appellant's truck. See the last paragraph of subsection (4) of section IV(a) of the policy. Likewise both appellant and his wife were "insureds" within the meaning thereof. See subsection (b) of section III, "Definition of Insured." Standing alone, as thus qualified, division 2 of coverage C would cover the situation here presented. Under "Exclusions" it is provided: "This policy does not apply: * * * (i) under division 2 of coverage C, to bodily injury to or sickness, disease or death of an insured sustained while in or upon or while entering into or alighting from an automobile owned by any insured; * * *." This provision had the effect of excluding from coverage for medical payments under division 2 of coverage C any automobile owned by the appellant, an "insured" thereunder. It provided coverage for each "insured" under division 2 of coverage C as defined by subsection (a) of section III of the policy, for bodily injuries caused by accident while in, upon, entering into, or alighting from an automobile, within the meaning thereof as described by the policy, which was owned by any other person than an "insured." If appellant desired medical pay coverage for persons riding in his truck he could have provided for it under division 1 of coverage C by having the policy specifically cover it and pay a premium accordingly. This he did not do. No forfeiture is here involved for, as has already been herein stated, the question is, did the policy provisions cover under the factual situation here presented? We find that it did not.

On the back of the policy appears the following:

"When you have

Medical Expense Coverage . . .

. . . It's a comfort to know

You          )    Are protected for the necessary medi-
Your Family )    cal, surgical, ambulance, hospital or
Your Friends)    professional nursing expenses incurred
                 by reason of injury or death while rid-

ing in, entering or alighting from *my automobile.*

The cost is low . . .

See your agent." (Emphasis ours.)

Appellant contends this should be considered a part of the policy, citing Hessler v. Federal Casualty Co., 190 Ind. 68, 129 N. E. 325, 14 A. L. R. 1329. Therein the court said: "But, in construing a policy of accident insurance, words printed on the back of the policy, purporting to sum up what is embraced by it, constitute a part of the contract, and are to be taken into consideration in its construction." We think this language is an accurate description of the coverage actually available under division 1 of coverage C under "Automobile Medical Payments." It is in no way misleading as "my automobile" would normally be understood by any reasonable reader thereof to mean the automobile described in the policy of which it is a part.

In view of what has been said we find the judgment of the trial court dismissing appellant's action to be correct. We therefore affirm its action doing so.

AFFIRMED.