FIRST NATIONAL BANK IN KEARNEY, NEBRASKA, A NATIONAL BANKING ASSOCIATION, APPELLANT, V. MARLENE M. BUNN ET AL., APPELLEES.

241 N. W. 2d 127

Filed April 21, 1976. No. 40343.

Kenneth C. Fritzler of Ross, Schroeder & Fritzler, for appellant.

Tye, Worlock, Tye, Jacobsen & Orr, for appellees.

Heard before WHITE, C. J., McCOWN, NEWTON, and BRODKEY, JJ., and KORTUM, District Judge.

KORTUM, District Judge.

This is an action to set aside a conveyance of real

estate made between the defendants as husband and wife.

The defendants Marlene M. Bunn and Charles F. Bunn, husband and wife, purchased a home in Kearney, Nebraska, on August 15, 1971. The downpayment of approximately $11,000 was borrowed on a short-term note which was a short time later paid by proceeds from a sale of separate property owned by the defendant Marlene M. Bunn. The balance of the purchase price was secured by a mortgage executed by both the defendants and the property was titled jointly in the defendants as husband and wife.

On November 20, 1972, the defendant Charles F. Bunn transferred by warranty deed his interest in the property to his wife Marlene M. Bunn, codefendant herein. At the time of the conveyance to his wife the defendant Charles F. Bunn had outstanding debts including several notes at another bank, the mortgage on the home involved here, and a prior alimony debt to his ex-wife, Celia Bunn.

On June 29, 1973, 7 months and 10 days after the property involved herein had been transferred to the defendant Marlene M. Bunn, Charles F. Bunn executed a note to the plaintiff bank herein for $14,000. The $14,000 was used to pay off two promissory notes at another bank, one of which had been given to pay off the alimony payment, and to pay off a $4,500 note at the plaintiff bank.

In October of 1974, after default on the $14,000 note, the plaintiff bank sued the defendant Charles M. Bunn and obtained an attachment on the family home which is the property involved herein. The attachment in that case was used by the plaintiff bank as the basis for this suit to have the conveyance of November 20, 1972, set aside as fraudulent.

The case was tried to the court and at the conclusion of the plaintiff's case the defendants' motion for dismissal of the plaintiff's petition for insufficiency of evi-

dence was sustained by the District Court and plaintiff's petition was dismissed. Plaintiff, First National Bank in Kearney, appeals.

Plaintiff's assignments of error relate to two areas: Rejection of certain testimony and exhibits offered by the plaintiff; and dismissal of plaintiff's petition at the conclusion of plaintiff's case.

The plaintiff does not argue or discuss its first assignment of error in its brief, but essentially contends that there was a fraudulent transfer of property between the defendants and that the trial court erred in dismissing plaintiff's petition.

The plaintiff contends that the presumption of fraud necessarily present in interspousal transfers of property supports a finding of fraud herein. It is true that a conveyance of real property in Nebraska by a husband to his wife is presumptively fraudulent as to existing creditors. This presumption is not evidence however. It may take the place of evidence unless and until evidence appears to overcome or rebut it, and when evidence sufficient in quality appears to rebut it the presumption disappears and the party having the burden of proof on the issue must, in civil actions, sustain his position by a preponderance of the evidence. In re Estate of Drake, 150 Neb. 568, 35 N. W. 2d 417.

Plaintiff itself produced no official or employee of the bank to testify as to the bank's knowledge or the circumstances surrounding the loan. The testimony of defendant Charles F. Bunn on direct examination as plaintiff's witness is explicit on this point. He testified that the bank was aware of all the circumstances surrounding the loan of June 29, 1973. There is evidence that the bank instigated the loan proceedings and knew that the defendant Charles F. Bunn had no interest in the family home at the time of the loan.

No evidence was adduced by the plaintiff bank to even suggest that the bank did not know of the conveyance of November 20, 1972, to Marlene M. Bunn, or

to any lack of knowledge by the bank concerning defendants' financial condition. The financial statement signed by Charles F. Bunn at the time of the loan on June 29, 1973, showed no security for the loan and this reinforces the position of the defendants herein. Any presumption of fraud arising from the transfer between the defendants as husband and wife has thus been rebutted if not completely overcome.

Plaintiff further contends that because there were creditors existing at the time of the interspousal conveyance and these creditors were later paid with the proceeds of the loan from the plaintiff to the defendant Charles F. Bunn that the plaintiff may now step into the shoes of and assume the rights of these prior creditors. Plaintiff thus claims that it is subrogated to the rights of these preexisting creditors.

Our law is quite clearly otherwise. A conveyance of real property between husband and wife in Nebraska is presumptively fraudulent as to existing creditors and will be set aside unless the good faith of the transaction is established by a preponderance of the evidence. Slosburg v. Hunter, 136 Neb. 324, 285 N. W. 563; Farmers Elevator Co. v. Peck, 134 Neb. 305, 278 N. W. 499. Note however that a key phrase used in these cases is "as to existing creditors," a position plaintiff now seeks to attain. Plaintiff would now attempt to take the badges of fraud and the presumptions surrounding husband and wife transfers of real property and apply them for the protection of subsequent creditors. This we cannot support.

A different standard is applied to creditors whose debts are in existence at the time of conveyance, as opposed to subsequent creditors. A creditor whose debts did not exist at the date of a voluntary conveyance by the debtor cannot attack such conveyance for fraud unless he pleads and proves that the same was made to defraud subsequent creditors whose debts were in contemplation at the time. Big Horn Collieries Co. v. Ro-

land, 116 Neb. 846, 219 N. W. 233. See, also, Jayne v. Hymer, 66 Neb. 785, 92 N. W. 1019. No such evidence was adduced by the plaintiff at the trial herein.

The pleadings of the plaintiff and proof adduced at the trial fail to establish plaintiff's theory. A careful review of the record indicates that the District Court acted correctly in sustaining the defendants' motion for dismissal at the close of plaintiff's evidence. The decision of the District Court is correct and is affirmed.

AFFIRMED