LOUIS E. MARX ET AL., APPELLEES, V. HARTFORD ACCIDENT
AND INDEMNITY COMPANY, APPELLANT, IMPLEADED WITH
FEDERAL SECURITIES COMPANY, INC., A NEBRASKA
CORPORATION, APPELLEE.

157 N. W. 2d 870

Filed April 5, 1968.   No. 36756.

Cline, Williams, Wright, Johnson, Oldfather & Thompson, for appellant.

Chambers, Holland & Dudgeon, for appellees Marx et al.

Heard before WHITE, C. J., CARTER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

This is a declaratory judgment action.   The question involved is whether Hartford, plaintiffs' malpractice insurer, is liable for fire damage to plaintiffs' offices resulting from the negligence of an employee technician. The district court entered judgment for plaintiffs against Hartford.   We reverse the judgment.

In refilling the hot water sterilizer, plaintiffs' employee mistakenly poured benzine instead of water into the sterilization container. Fumes exploded causing a fire, and extensive damage to the building resulted. Routine sterilization is accomplished by boiling for 15 minutes in water. No patient was present or being treated.

Hartford's policy provided: "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury arising out of: (a) malpractice, error or mistake of the insured, or of a person for whose acts or omissions the insured is legally responsible * * * *in rendering or failing to render professional services,* * * * committed during the policy period in the practice of the insured's profession described in the Declarations." (Emphasis supplied.)

Generally, the plaintiffs are legally liable for the damage caused by the negligent act of their employees during the course of employment. But the precise question is whether the damage arose out of the rendering or failure to render professional services. In the absence of a statute to the contrary, the risks insured against under a policy of liability insurance are determined by the terms of the policy and not by the liability of the insured. And if plainly expressed, insurers are entitled to have such limitations construed and enforced as expressed. Lonsdale v. Union Ins. Company, 167 Neb. 56, 91 N. W. 2d 245; 45 C. J. S., Insurance, § 824, p. 872; 29 Am. Jur., Insurance, § 250, p. 632.

The insurer's liability is thus limited to the performing or rendering of "professional" acts or services. Something more than an act flowing from mere employment or vocation is essential. The act or service must be such as exacts the use or application of special learning or attainments of some kind. The term "professional" in the context used in the policy provision means something more than mere proficiency in the performance of a task and implies intellectual skill as contrasted with that used in an occupation for production or sale of com-

modities. A "professional" act or service is one arising out of a vocation, calling, occupation, or employment involving specialized knowledge, labor, or skill, and the labor or skill involved is predominantly mental or intellectual, rather than physical or manual. Steinbeck v. Gerosa, 4 App. Div. 2d 302, 151 N. E. 2d 170; People v. Sterling Optical Co., Inc., 209 N. Y. S. 2d 953, 26 Misc. 2d 412; State Bar of Arizona v. Arizona Land Title & Trust Co., 90 Ariz. 76, 366 P. 2d 1; Maryland Casualty Co. v. Crazy Water Co. (Tex. Civ. App.), 160 S. W. 2d 102; Howarth v. Gilman, 365 Pa. 50, 73 A. 2d 655; 34 Words and Phrases (Perm. Ed.), Profession, p. 379 et seq. In determining whether a particular act is of a professional nature or a "professional service" we must look not to the title or character of the party performing the act, but to the act itself. Robertson v. Maher (La. App., 1965), 177 So. 2d 412; D'Antoni v. Sara Mayo Hospital (La. App., 1962), 144 So. 2d 643.

The boiling of water for sterilization purposes alone was not an act requiring any professional knowledge or training. It was a routine equipment cleaning act which any unskilled person could perform. The act was not a part of any patient's treatment per se any more than any other routine cleaning or arranging procedure incidental to the proper general operations of the plaintiffs' offices. It was no more of a "professional service" than the routine activity of a housewife engaged in sterilizing baby bottles or canning jars. We come to the conclusion that the negligent act performed here required no special training or professional skill and in no sense constituted the "rendering or failing to render professional services." Consequently there is no liability under the express terms of the risk assumed under the policy, and the judgment must be reversed.

The parties raise pertinent and interesting questions as to proximate cause and whether the risk assumed under the policy provisions could be fairly interpreted to extend to liability to a nonpatient landlord. These

questions are unnecessary to a decision herein and are therefore not discussed.

The district court also ordered Hartford to assume the defense of the landlord's action for damages of Federal Securities Co. v. Marx in the district court for Lancaster County. This was error. The obligation of an insurer to defend is no broader than the insuring agreement. Pickens v. Maryland Casualty Co., 141 Neb. 105, 2 N. W. 2d 593; Smith v. United States Fidelity & Guaranty Co., 142 Neb. 321, 6 N. W. 2d 81; Iowa Mutual Ins. Co. v. Meckna, 180 Neb. 516, 144 N. W. 2d 73.

The judgment of the district court is reversed. Costs are taxed to plaintiffs Louis E. Marx and Paul E. Marx.

REVERSED AND REMANDED.