Argued May 6, affirmed June 10, 1970

# MULTNOMAH COUNTY, *Appellant, v.* OREGON AUTOMOBILE INSURANCE COMPANY, *Respondent.*

470 P2d 147

*Charles S. Evans*, Portland, argued the cause for appellant. On the briefs were George Van Hoomissen, District Attorney, Portland, and David S. Shannon, Deputy District Attorney, Portland.

*George M. Joseph*, Portland, argued the cause for respondent. With him on the brief were Morrison & Bailey, Portland.

Before McALLISTER, Presiding Justice, and SLOAN, O'CONNELL, DENECKE, HOLMAN and HOWELL, Justices.

HOLMAN, J.

This is an action by Multnomah County (County) against Oregon Automobile Insurance Company (Company) seeking recompense for a sum of money expended to satisfy a judgment. The County appealed from a judgment in favor of the Company.

One, Barendrecht, became an inmate of the Multnomah County jail. He was a diabetic. He subsequently commenced an action for damages because of the failure of the authorities at the jail to give him insulin. This action resulted in a judgment against the head jailer.

The County, in conformance with ORS 243.120,[1] had purchased a policy of liability insurance from the Company which protected employees of the sheriff's office from liability for causes of action arising out of the course of their employment. The County made a demand upon the Company to defend the action, and the Company refused. The County defended and satisfied the resultant judgment against the jailer pursuant to ORS 243.620,[2] and then brought this action against the Company as a subrogee of the jailer to recover the amount it had paid.

The sole issue in the appeal is whether or not the Company had coverage of the loss because of the following policy provision:

"Exceptions: The following exposures shall not be subject of insurance hereunder:

"* * * * *.

---

[1] ORS 243.120. "(1) Multnomah County shall, and any other county may, purchase liability insurance in such amounts and containing such terms and conditions as are necessary for the protection of the sheriff, any undersheriff or deputy undersheriff and all deputy sheriffs against claims against them incurred in or arising out of the performance of their official duties. The premiums for such insurance shall be paid by the county." Repealed Chapter 627, Oregon Laws 1967.

[2] ORS 243.620. "(1) In providing said defense, the county, city, town, district, board or other public body may, but is not obliged to, pay all expenses involved therein, or any part thereof, including court costs, disbursements, compensation of attorneys and the amount of any judgment. This subsection shall not be construed to deprive the county, city, town, district, board or other public body of its governmental immunity."

"(2) Injury, sickness, disease, death or destruction due to the rendering of or *failure to render any professional service.*" (Emphasis ours.)

The Company contended that, under the circumstances then and there existing, its policy provided no coverage because the failure to administer insulin to Barendrecht was the failure to render a professional service. The trial court upheld the Company's contention.

■ The evidence in the present case consists principally of the transcript in the action in which Barendrecht secured his judgment. This transcript, as is usual, contains disputed testimony. The present case is a law case tried by the court without a jury. We are required to uphold the trial court's judgment in favor of the Company if there is sufficient evidence to sustain it. Therefore, all factual disputes in the transcript in the first case, concerning the circumstances under which Barendrecht was not given an injection of insulin, must be resolved in a manner most favorable to the Company's position, and the facts will be stated with that rule in mind.

Barendrecht was taken into custody at about 3 p.m., and shortly thereafter was transported to the county jail at Rocky Butte. Upon his admission, he was interviewed by a medical technician who was attached to the jail. Barendrecht told the technician that he was a diabetic and that he took insulin at 7 a.m. and at 7 p.m. Barendrecht subsequently felt ill, at about dinner time, and told the technician that he was "feeling real bad," and that he wanted his injection of insulin. It was not given to him. Barendrecht subsequently was bailed from jail and released about 8 p.m. When removed from his cell, he fainted and was attended by the technician. He recovered consciousness and was admin-

istered aspirin. Barendrecht's wife came to the jail to pick him up and found him staggering around outside the jail in an incoherent condition. He was transported to a hospital at Dallas where he was found to be in a diabetic coma which was contributed to by a lack of insulin and a urinary infection.

The County first contends that the acts of a medical technician are those of a craftsman and not of a professional. It argues that the giving of a shot of insulin is something Barendrecht could have done for himself had the drug and the necessary equipment been furnished to him and, therefore, that it was not something which required professional skill.

■ A professional act or service is one arising out of a vocation, calling, occupation or employment involving specialized knowledge, labor, or skill, and the labor or skill involved is predominantly mental or intellectual rather than physical or manual. *Marx v. Hartford Accident and Indemnity Company*, 183 Neb 12, 157 NW2d 870 (1968), and cases cited therein. If the ability to physically administer the insulin were the only consideration involved, the County's contention would be correct. However, it is our view that something more was required than the physical ability to administer the drug, and that something more was the ability to determine whether Barendrecht's physical condition was such that an injection of insulin was required. Obviously, it was, and the technician did not have the professional competence to recognize it. The County failed to provide the service of someone who had the medical training to recognize the seriousness of Barendrecht's condition. In determining whether a particular act or omission is of a professional nature, the act or omission itself must be looked to and not the

title or character of the party who performs or fails to perform the act. *Marx v. Hartford Accident and Indemnity Company, supra.* The decision to give or to withhold insulin required the application of special learning which the medical attendant lacked and Barendrecht was therefore deprived of a professional service which, if given, would have resulted in the required injection.

■ The County also contends that the provision is ambiguous and can be construed as being applicable only to a set of facts which involve a direct and immediate failure of a licensed physician to act or to act properly in relation to a patient. In effect, the contention is that the exception contemplates only a set of facts which would substantiate an action of medical malpractice against a physician. We cannot so construe it. The language is plain and unambiguous. It excepts from coverage *the insured's* failure to render a professional service.

As authority for its contention, the County cites the case of *Norways Sanatorium v. Hartford Accident & Indem. Co.*, 112 Ind App 241, 41 NE2d 823, 44 NE2d 192 (1942). This was a case in which a patient in a mental hospital jumped or fell from a window as the result of not being properly guarded. The exception to coverage was as follows:

> " '(7) the rendering of any professional service or the omission thereof by any physician, surgeon, dentist, druggist, prescription clerk, nurse, chiropodist, barber, hairdresser, and/or other attendant \* \* \*.' " 41 NE2d at 823.

The court, in that case, used the following language which the County now seeks to apply to the present case:

> "It seems to us that the exclusion provided for

under Clause 7 does not cover the failure of the assured to provide a physician, nurse, or attendant for a patient. It covers only the situation where a physician, nurse, or attendant is provided; but the nurse, physician, or attendant negligently acts or fails to act." (41 NE2d at 825.)

If the quoted language correctly construes the meaning of the exception, there still is an obvious and relevant difference between the wording of the policy in the cited case and the one presently under consideration. The policy under consideration provides for no coverage where the *insured* fails to render a professional service. The policy in the reported case excepts the *failure by a doctor, nurse, attendant, etc.* to render a professional service. We, therefore, do not believe the case is authority for the County's position.

The judgment of the trial court is affirmed.