REQUESTED BY: Dear Senator:
You have asked whether drug counselors employed by a state agency to give psychological treatment come within the exceptions from licensing as a psychologist in subsection (1), (2) or (8) of the proposed amendments to section71-3802 in LB 325. You have indicated that you are considering legislation, if needed, to clarify whether such counselors need to be licensed psychologists.
In LB 325 section 71-3802 sets out the general rule that no person may represent himself to be a psychologist or engage in the practice of psychology unless he is licensed to do so. It then sets out the exceptions, including:
 "(1) Qualified members of other professions such as, but not limited to, physicians, social workers, or pastoral counselors, . . .
 "(2) The activities, services, and use of an official title incorporating the words psychologist, psychological, or psychology on the part of a person in the employ of an accredited institution of higher education within the confines of such an institution and provided such persons are performing those duties for which they are employed by such an institution;
". . . .
 "(8) Until July 1, 1978, the activities, services, and use of an official title on the part of a person in the employ of a . . . state . . . agency . . . when such activities and services are a part of the duties of such person's office or position with such agency or institution."
The dividing line between those who must be licensed and those who are exempt from licensing should be clearly drawn by the Legislature. See Seignious v. Rice,
273 N.W. 44, 6 N.E.2d 91, 92, 93 (1936). In the proposed subsection (1) it is not clear whether drug counselors are exempted because it is not clear what is a profession. Drug counselors are not among the examples listed. Physicians and pastoral counselors are, but they are members of the traditional professions. Drug counselors and psychologists are not. Neither are social workers which are listed. See Ocean Accident Guarantee Corp., Inc. v. Herberg's, 100 F.2d 171 (8th Cir. 1938), cert. denied, 306 U.S. 645, 83 L.Ed. 1044,59 S.Ct. 584 (1939).
Physicians are also designated a profession by statute. See section 71-101, R.R.S. 1943. Drug counselors, pastoral counselors and social workers are not. Neither are psychologists although there is a reference in proposed subsection (1) above to `other professions,' implying that psychologists are a professional group. Also the Board of Examiners of Psychologists is to formulate a `code of professional conduct for the practice of psychology.' See section71-3807, R.R.S. 1943.
Physicians are required by law to be licensed. See section71-101, et seq., R.R.S. 1943. So are psychologists. Section 71-3802, R.R.S. 1943. Pastoral counselors and social workers may practice their occupations without a license from the state.
From such varied facts we can infer that a broader definition of profession is intended than the traditional professions or those designated as professions by statute or those for which a license is required. A broader definition was given by the court in Marx v. Hartford Accident Indemnity Co., 183 Neb. 12, 157 N.W.2d 870 (1968):
 ". . . A `professional' act or service is one arising out of a vocation, calling, occupation, or employment involving specialized knowledge, labor, or skill, and the labor or skill involved is predominantly mental or intellectual, rather than physical or manual. [Citations omitted.] In determining whether a particular act is of a professional nature or a `professional service' we must look not to the title or character of the party performing the act, but to the act itself. [Citations omitted.]" Supra at 14.
If the above definition of a profession were applied to drug counselors for a state agency, they might come within the exception from licensing as a psychologist under proposed subsection (1). However, it is not clear from the statute that such a definition should be applied. A drug counselor would come within the exception in proposed subsection (2) if he or she was employed to do drug counseling by a state institution of higher learning which was accredited.
A drug counselor for a state agency would come within the exception in proposed subsection (8). However, that exception applies only until July 1, 1978. Also proposed subsection (8) is essentially the text to be deleted from the present law by proposed subsection (2). We have previously questioned the constitutionality of that exception. See the copies of our letters to the Board of Examiners of Psychologists which are attached.