John A. GUY, Appellant,

v.

SWIFT AND COMPANY, Appellee.

No. 79–1397.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 2, 1980.

Decided Jan. 8, 1980.

John A. Guy, pro se, filed brief.

William T. Oakes, Kennedy, Holland, De-Lacy & Svoboda, Omaha, Neb., filed brief, for appellee.

Before HEANEY, ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

John A. Guy appeals from the district court[1] order dismissing his complaint. Adopting the findings of fact and conclusions of law filed by the magistrate[2] to whom the case had been referred, the court granted defendant-appellee Swift & Company's (Swift) motions to dismiss for failure to state a claim under either 42 U.S.C. § 1981 or the fourteenth amendment, entered summary judgment against Guy on

1. The Honorable Albert G. Schatz. United States District Judge for the District of Nebraska.

2. The Honorable Richard C. Peck, United States Magistrate.

his Title VII claim and accordingly dismissed Guy's complaint. Guy, proceeding pro se,[3] appeals the district court's entry of judgment against him.

Swift employed John A. Guy, a black male, in its boning department from February 27, 1974, until April 1, 1974. On April 2, 1974, he was suspended for disciplinary reasons and the suspension was converted to a layoff on April 5, 1974. Since then he has not been recalled for employment nor has he applied for another job with Swift.

Guy's suit arises out of an incident which occurred on April 2, 1974. On that day, Guy entered the office of Swift's plant superintendent, William Linder, and demanded to know what Linder intended to do about Guy's complaints of harassment by fellow workers, approximately half of whom were black. In his deposition, Guy characterized the harassment as "horseplay" on the part of his fellow workers and described the conduct to which he objected as throwing pieces of meat at him or near him as well as the making of accusations that he was insufficiently productive. Guy does not accuse Swift's foreman or plant superintendent of harassment.

During the conversation between Guy and Linder, Guy leaned over the desk within a few feet of Linder's face as he addressed him. Linder told Guy several times to discontinue the loud talk or he would suspend him, and later requested him to leave the office and threatened to call the county sheriff to remove him. Linder then suspended Guy, and Guy left.

While Guy denied that he used the phrase "God dammit" in the exchange, he did admit that he verbally accosted Linder and used the term "dammit."

Guy submitted his grievance concerning the suspension to the grievance arbitration procedure specified in the Master Agreement then in effect between Swift and the Amalgamated Meat Cutters and Butchers Workmen of North America, AFL–CIO, the bargaining unit of which he was a member.[4] On October 27, 1975, the arbitrator determined that Guy's conduct had amounted to insubordination warranting imposition of the three-day suspension, and the grievance was denied.

Guy filed a complaint with the Nebraska Equal Employment Opportunity Commission on September 6, 1974, alleging that his layoff and discharge were the result of Swift's racially animated discrimination against him. The hearing examiner subsequently concluded, "There is nothing about the facts in this case to suggest the employers were biased in any way toward complainant because of his race." The Nebraska Commission entered a final order dismissing Guy's complaint with prejudice on September 12, 1977.

Guy also filed a charge of race discrimination arising out of his suspension and layoff with the federal Equal Employment Opportunity Commission. The federal Commission issued a final determination that there was not reasonable cause to believe that the charge was true.

Guy finally filed a pro se complaint in the district court on January 13, 1978, seeking damages and declaratory and injunctive relief and charging Swift with violation of 42 U.S.C. § 1981 (1976), the fourteenth amendment and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (1976). The district court granted Guy's motion to prosecute the suit in forma pauperis and appointed counsel to represent him. From the district court's dismissal of his complaint, Guy appeals.

Pursuant to Fed.R.Civ.P. 12(b)(6), Swift moved to dismiss Guy's § 1981 claim on the ground that it was barred by the applicable statute of limitations, Neb.Rev.Stat. § 25–

---

**3.** Guy has moved the Court for affirmance, presumably meaning affirmance of the arguments made in his brief, and for summary judgment pursuant to Fed.R.Civ.P. 56(b). Liberally construing these motions, it seems that Guy seeks reversal of the district court order and judgment in his favor on the merits of his claims.

**4.** Swift employed Guy for fewer than forty days. Under the Master Agreement, Guy therefore had no seniority or recall rights.

219 (Reissue of 1975).[5] The magistrate recommended that the motion be granted, and the district court adopted the magistrate's recommendation.

■ Because there is no specifically stated or otherwise relevant federal statute of limitations for a cause of action under § 1981, the controlling period is the most appropriate one provided by state law. *Johnson v. Railway Express Agency,* 421 U.S. 454, 462, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *Russ v. Ratliff,* 578 F.2d 221, 223 (8th Cir.) (and cases cited), *cert. denied,* 439 U.S. 1003, 99 S.Ct. 614, 58 L.Ed.2d 619 (1978). The three-year limitation period provided by Nebraska law applies to actions brought under § 1981. *Chambers v. Omaha Public School District,* 536 F.2d 222, 228 (8th Cir. 1976).[6]

■ Where it appears from the face of the complaint itself that the limitation period has run, an action is properly subject to dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6). *E. g., Rauch v. Day & Night Manufacturing Corp.,* 576 F.2d 697, 702 (6th Cir. 1978) (and authority cited). *See also Horn v. Burns & Roe,* 536 F.2d 251, 253 n. 4 (8th Cir. 1976).

As the magistrate noted, here the acts complained of by Guy all occurred no later than April 11, 1974, the date on which he alleged to have received notice of his laid off status.[7] Guy filed his complaint on January 13, 1978, after leave granted December 16, 1977, for its filing *in forma pauperis.* Because more than three years elapsed between the alleged acts of discrim-

ination and the filing of the complaint, the district court properly dismissed Guy's § 1981 action for failure to state a claim.

On the magistrate's recommendation, the district court dismissed Guy's fourteenth amendment claim against Swift pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim.

■ Guy's complaint failed to allege that Swift had acted under color of state law or that its conduct amounted to state action. The complaint, therefore, did not state a cause of action under the fourteenth amendment and accordingly was subject to dismissal. *See Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1977).

■ Guy's *pro se* civil rights pleadings are entitled to liberal construction, *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); nevertheless, they must set forth the claim in a manner which, taking the pleaded facts as true, states a claim as a matter of law. *Nickens v. White,* 536 F.2d 802, 803 (8th Cir. 1976) (and cases cited). Because Guy's fourteenth amendment claim is deficient as a matter of law, dismissal under Fed.R.Civ.P. 12(b)(6) is proper.

Further, it should be noted that, although Guy drafted his complaint *pro se,* the district court appointed counsel to help him prosecute his action. Neither Guy nor his attorney has ever sought to amend the complaint so as to make out a fourteenth amendment cause of action.[8] *Compare Wil-*

---

**5.** Neb.Rev.Stat. § 25–219 (Reissue of 1975) provides: "All actions upon a liability created by a federal statute, other than a forfeiture or penalty, for which actions no period of limitations is provided in such statute shall be commenced within three years next after the cause of action shall have occurred."

**6.** Neither the pursuit of grievance arbitration procedure nor the timely filing of an employment discrimination charge with the Equal Employment Opportunity Commission tolls the running of the limitation period applicable to an action, based on the same facts, brought under § 1981. *Johnson v. Railway Express Agency, Inc., supra,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295; *International Union of*

*Electrical, Radio & Machine Workers, AFL–CIO, Local 790 v. Robbins & Myers, Inc.,* 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976).

**7.** *See* Complaint at 3.

**8.** On appeal Guy rests on the assertion that fourteenth amendment protections extend to private action.

If Guy's fourteenth amendment claim were recast as a cause of action under 42 U.S.C. § 1983, it would still be deficient in view of § 1983's color-of-state-law requirement. In addition, it would be barred by the three-year Nebraska statute of limitations. *See Chambers v. Omaha Public School District, supra,* 536 F.2d at 230.

*liams v. Town of Okoboji,* 606 F.2d 812 (8th Cir. 1979).

Guy included in his complaint allegations that Swift discriminated against him on the basis of race and intentionally maintained a pattern and practice of discrimination against blacks in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (1976). On Swift's motion, the district court granted summary judgment in its favor with respect to the claim in accord with the magistrate's recommendation.

The magistrate noted that by Guy's responses to Swift's requests for admission, by discovery depositions and by documentation attached to its amended answer,[9] Swift established the undisputed facts to be those outlined above.

■ Based on the undisputed facts, the magistrate concluded that Guy was suspended and discharged for insubordination. Because Guy adduced no facts presenting a genuine issue for trial and because discharge for insubordination is not violative of Title VII,[10] the magistrate recommended the entry of summary judgment against Guy pursuant to Fed.R.Civ.P. 56(e).

We have carefully reviewed the record and failed to find any hint of a genuine issue for trial.[11] Under the circumstances, the district court properly entered summary judgment in favor of Swift under Fed.R. Civ.P. 56. *See also Anderson v. Viking Pump Division,* 545 F.2d 1127, 1129 (8th Cir. 1976).

For the foregoing reasons, the district court properly dismissed Guy's § 1981 and fourteenth amendment actions for failure to state a claim and properly entered summary judgment against Guy on his Title VII claim. The district court order dismissing Guy's complaint is therefore affirmed.

---

Because Guy's § 1981 and § 1983 claims are barred by the applicable statute of limitations, the same result should obtain with respect to his fourteenth amendment cause of action. *See* Note, *Damages or Nothing—The Efficacy of the Bivens-Type Remedy,* 64 Cornell L.Rev. 667, 680 & n. 65 (1979).

9. Included in the documentation attached to its amended answer are copies of the following: the arbitrator's decision and award in Swift's favor, the recommendation of the Nebraska Equal Employment Opportunity Commission's hearing examiner and the Commission's findings, and the federal Equal Employment Opportunity Commission's finding of no probable cause to believe that Swift had discriminated

against Guy. Under *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 60 & n. 21, 97 S.Ct. 1011, 39 L.Ed.2d 147 (1974), the arbitral decision was admissible as evidence and entitled to such weight as the court deemed appropriate.

10. *See Jack v. American Linen Supply Co.,* 498 F.2d 122, 123–24 (5th Cir. 1974). In his "motion for summary judgment" on appeal, Guy claims that discharge for insubordination violates Title VII.

11. In resisting the motion for summary judgment, Guy appears to have rested on the entirely conclusory allegations contained in his complaint.