693 P.2d 1101

**Donna Sue STANDLEE, as Guardian Ad Litem for a Minor Child and Donna Sue Standlee, Individually, Plaintiff-Appellant-Cross-Respondent,**

v.

**ST. PAUL FIRE & MARINE INSURANCE COMPANY, a foreign corporation, Defendant-Respondent-Cross-Appellant.**

No. 14939.

Court of Appeals of Idaho.

Dec. 31, 1984.

Jeff Stoker, Twin Falls, for plaintiff-appellant-cross-respondent.

J. Walter Sinclair, Benoit, Alexander & Sinclair, Twin Falls, for defendant-respondent-cross-appellant.

BURNETT, Judge.

The principal question presented in this appeal is whether a doctor's professional

liability and office liability insurance policies cover a sexual tort committed upon a patient. We also are asked to decide whether the insurance company breached a duty to defend the tort claim. The district court, in two orders for summary judgment, held that there was no coverage of the claim but that the insurer breached a duty to defend. We affirm.

The material facts are undisputed. This case is similar to *Hirst v. St. Paul Fire & Marine Insurance Co.*, 106 Idaho 792, 683 P.2d 440 (Ct.App.1984). In both cases the same doctor sexually molested young male patients. There are slight variations in the fact pattern. In *Hirst* the tort occurred at the doctor's office and at the patient's home. In this case it occurred at a hospital. In *Hirst* drugs allegedly were used to render the patient susceptible to sexual contact. In this case there is no allegation that drugs were used.

The instant case also bears a procedural similarity to *Hirst*. Suit was filed against the doctor by the patient's guardian, Donna Sue Standlee. When informed of the suit, the doctor's insurer, St. Paul Fire & Marine Insurance Company, denied coverage and refused to defend the claim. The doctor subsequently settled the claim, consenting to judgment against him for $75,000 and assigning to the claimant any cause of action he might have against St. Paul. In exchange, the claimant agreed not to execute against the doctor on the judgment.

The claimant then filed the instant suit against St. Paul, seeking to collect the judgment plus any damages sustained by the doctor as a result of the insurer's refusal to defend. As noted, the district court judge ruled in favor of St. Paul on the issue of coverage, thus precluding collection of the $75,000 judgment. However, the court adjudged St. Paul liable for $900 in attorney fees expended by the doctor in settling the claim after St. Paul refused to defend it. Both sides have appealed.

The question of coverage focuses initially upon the same professional liability policy we examined in *Hirst*. There, acknowledging a division of authority in other jurisdictions, we held that a medical malpractice insurance policy of the type issued by St. Paul did not cover sexual torts committed by a doctor. We said that the question of professional liability coverage turns upon the nature of the tortious act, not upon the mere circumstance that the tortfeasor is a doctor. The Minnesota Supreme Court, in a majority opinion, recently has adopted a similar view. *See Smith v. St. Paul Fire & Marine Insurance Co.*, 353 N.W.2d 130 (Minn.1984).

■ We believe *Hirst* governs the issue here. Although the sexual tort in this case, unlike *Hirst*, was unaccompanied by any alleged use of drugs, this is a distinction without a difference as far as our holding in *Hirst* is concerned. Neither is it significant that the tort occurred in a hospital rather than at a doctor's office or in the patient's home. The nature of the doctor's conduct is the same. Because the location does not change the conduct, it does not affect the coverage provided by the professional liability policy. We conclude that the policy does not cover the instant claim.

■ Our attention also is invited to an office liability policy issued to the doctor by St. Paul. This policy provides coverage for "bodily injury, *personal injury* or damage to other people's property *caused by an accidental event*" that happens in connection with the doctor's "ownership, maintenance or use of a professional office." (Emphasis added.) In addition, the policy covers "losses [the doctor is] legally responsible for that result from actions *necessary* in [his] work," regardless of where they occur. (Emphasis added.) The claimant argues that these two coverages are ambiguous and that, taken together, they should be construed to embrace a claim for sexual molestation occurring outside the doctor's office. We disagree.

The "accidental events" coverage is said to be ambiguous because "personal injury" is defined in the policy to include false

imprisonment, detention, malicious prosecution, wrongful entry or eviction, libel and slander. Since these enumerated torts often would not be "accidental," the claimant argues that the "accidental events" coverage should be extended to any "personal injury," whether accidental or not. The argument is overbroad. Even if we assume (without deciding) that an ambiguity exists, it is limited to the meaning of "accidental events" in the context of the enumerated torts. Sexual molestation is not one of those torts. Consequently, the asserted ambiguity does not affect the scope of "accidental events" coverage in the present case.

Similarly, we believe that any ambiguity in the "actions necessary" coverage is of no moment here. While the phrase "actions necessary in [the doctor's] work" may have a variety of meanings, sexual molestation plainly is not one of them. We conclude that the office liability policy does not apply to this case.

Finally, we turn to the question of damages for St. Paul's refusal to defend the claim. In *Hirst* we held that the duty to defend is not coextensive with the duty to pay damages ultimately adjudicated. It is a separate, broader duty. If a complaint alleges facts which, if true, create a *potential* liability within coverage of a liability insurance policy, the insurer has an initial duty to defend the claim. Here, we believe the complaint stated facts sufficient to create an initial question as to whether the doctor's conduct represented malpractice within the professional liability policy. St. Paul should have defended the claim until that question was resolved. Therefore, we uphold the district court's award of damages for breach of the duty to defend.

The summary judgments entered by the district court are affirmed. No costs or attorney fees on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.