

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-12-2009

# Marcia H. Feszchak v. Pawtucket Mutl Ins C

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2138

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Marcia H. Feszchak v. Pawtucket Mutl Ins C" (2009). *2009 Decisions*. Paper 1750.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1750

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2138

MARCIA H. FESZCHAK; RICHARD FESZCHAK, her husband,
as Assignees of Optimum Medical Center, P.C.

v.

PAWTUCKET MUTUAL INSURANCE COMPANY,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 1-06-cv-00076)
District Judge:  Hon. Noel L. Hillman

Submitted under Third Circuit LAR 34.1(a)
on February 3, 2009

Before:  RENDELL, JORDAN and ROTH, Circuit Judges

Opinion filed: March 12, 2009

O P I N I O N

**ROTH,** Circuit Judge:

This case arises from alleged injuries Marcia Feszchak sustained while riding a stationary exercise bicycle at Optimum Medical Center. Optimum's insurance carrier, Pawtucket Mutual Insurance Company, appeals from the District Court's determinations, on summary judgment, that (1) a "professional services exclusion" in Optimum's policy did not bar coverage for the Feszchaks' claims and (2) the settlement entered into between Optimum and the Feszchaks was not unreasonable or in bad faith. We exercise plenary review, construing the claims and the evidence in the light most favorable to the non-moving party. *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000). We assume the parties' familiarity with the factual and procedural history, which we describe only as necessary to explain our decision. We will affirm.

Under New Jersey law, the interpretation of an insurance contract is a legal question for the Court and can be the basis for summary judgment. *Weedo v. Stone-E-Brick, Inc.*, 382 A.2d 1152, 1155 (N.J. Super. Ct. App. Div. 1977), *rev'd on other grounds* 405 A.2d 788 (N.J. 1978). When an exclusionary clause is at issue and an ambiguity arises, the clause must be strictly construed against the insurer to comport with the reasonable expectations of the insured. *Argent v. Brady*, 901 A.2d 419, 424 (N.J. Super. Ct. App. Div. 2006). Here, the policy provides coverage for "'bodily injury,' 'property damage,' 'personal injury,' 'advertising injury' and 'medical expenses' arising out of . . . [t]he ownership, maintenance or use of the premises shown in the schedule and

2

operations necessary or incidental to those premises." It excludes coverage for claims "due to the rendering or failure to render any professional service."

This Court has limited the definition of "'professional' act or service" to "one arising out of a vocation, calling, occupation, or employment involving specialized knowledge, labor, or skill, and the labor or skill involved is predominately mental or intellectual, rather than physical or manual." *See Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 984–85 (3d Cir. 1988) (quoting *Marx v. Hartford Accident & Indem. Co.*, 157 N.W.2d 870, 871–72 (Neb. 1968)). The Feszchaks' claims arise from Optimum's failure to maintain a stationary exercise bicycle. As the District Court noted, this failure was "'manual' or 'physical'" and "no different than that caused by loose carpeting or a visitor's chair with a broken leg." Accordingly, the "professional services exclusion" in the policy did not bar the claims. *Compare Antles v. Aetna Cas. & Sur. Co.*, 34 Cal. Rptr. 508, 511 (Cal. Ct. App. 1963) (injuries sustained during supervised treatment under heat lamp, where doctor adjusted lamp prior to treatment, barred by malpractice professional services exclusion), *with Duke Univ. v. St. Paul Fire & Marine Ins. Co.,* 386 S.E.2d 762, 766 (N.C. Ct. App. 1990) (wrongful death claim arising out of negligent maintenance of wheelchair not barred by professional services exclusion), *and D'Antoni v. Sara Mayo Hosp.*, 144 So.2d 643, 647 (La. Ct. App. 1962) (fall from bed caused by lack of side rails not barred by professional services exclusion).

We also reject the contention that the District Court erred in enforcing Optimum's settlement with the Feszchaks against Pawtucket. "'Where an insurer wrongfully refuses coverage and a defense to its insured, . . . the insurer is liable for the amount . . . of the settlement made by [the insured]. . . . The only qualifications to this rule are that the amount paid in settlement be reasonable and that the payment be made in good faith.'" *Fireman's Fund Ins. Co. v. Sec. Ins. Co.*, 367 A.2d 864, 868 (N.J. 1976) (quoting *N.J. Mfrs. Indem. Ins. Co. v. U.S. Cas. Co.*, 220 A.2d 708, 710 (N.J. Super. Ct. App. Div. 1966)). The insurer bears the ultimate burden of persuasion that a settlement is unreasonable or was reached in bad faith. *Griggs v. Bertram*, 443 A.2d 163, 173 (N.J. 1982). Here, the parties settled for the amount awarded by an arbitrator during non-binding arbitration. Moreover, the state court that approved the settlement found that it was "not unreasonable under the circumstances presented by the evidence in this case." The only evidence provided by Pawtucket regarding the settlement was the opinion of a proposed expert that the settlement was unreasonable and lacked good faith. Determining the reasonableness of a settlement, however, is a judicial function, and the "bad faith" opinion of the proposed expert was completely unsupported. *See Windmere, Inc. v. Int' Ins. Co.*, 522 A.2d 405, 412 (N.J. 1987) (expert must base findings on objective factors). Accordingly, the District Court did not err in failing to consider the expert's report.

For the foregoing reasons, we will affirm the judgment of the District Court.

4